**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **SCOTT R. COWEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-22-73-STE** |
| | ) | |
| **KILOLO KIJAKAZI,** | ) | |
| **Commissioner of the Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for disability insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

## I.    PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's applications for benefits. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 17-33). The Appeals Council denied Plaintiff's

request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of

the Commissioner.

## II.     THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency

regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R.

§§ 404.1520 & 416.920. At step one, the ALJ determined that Plaintiff had not engaged

in substantial gainful activity since July 3, 2008, the alleged onset date. (TR. 20). At

step two, the ALJ determined Mr. Cowen suffered from the following severe

impairments: intermittent explosive disorder; bipolar disorder with depression; anxiety

disorder; history of alcohol and drug abuse; mild degenerative changes of the cervical

and lumbar spine; and pulmonary disorder. (TR. 20). At step three, the ALJ found that

Plaintiff's impairments did not meet or medically equal any of the presumptively

disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 20).

At step four, the ALJ concluded that Mr. Cowen retained the residual functional

capacity (RFC) to:

> [P]erform medium work as defined in 20 CFR 404.1567(c) and
> 416.967(c), except for no climbing of ladders, ropes, or scaffolds; up to
> frequent climbing of ramps and stairs, balancing, stooping, kneeling,
> crouching, and crawling; no concentrated exposure to temperature
> extremes, humidity, or environmental pollutants; no exposure to hazards
> (heights, machinery, commercial driving); and mental limitation that he
> perform routine tasks in a low stress environment (no fast pace, strict
> quotas, or frequent duty changes) involving superficial interpersonal
> interactions with coworkers and supervisors (no arbitrations, negotiation,
> or confrontation), and no interaction with the public as a job requirement
> (20 CF 404.1569a and 416.969a).

(TR. 23).

At step four, the ALJ also concluded that Mr. Cowen had no past relevant work. (TR. 31). Even so, the ALJ presented the RFC limitations outlined above to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 52-53). Given the limitations, the VE identified four jobs from the Dictionary of Occupational Titles (DOT). (TR. 53). At step five, the ALJ adopted the VE's testimony and concluded that Mr. Cowen was not disabled based on his ability to perform the identified jobs. (TR. 33).

## III.   STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d 1172, 1177 (10th Cir. 2020) (citation omitted). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence … is more than a mere scintilla … and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

IV.   ISSUES PRESENTED

Mr. Cowen argues: (1) a lack of substantial evidence to support the RFC based on a legal error in evaluating an opinion from consultative examiner, Dr. Dwayne North, and (2) an inconsistency between the RFC and Plaintiff's ability to perform unskilled work. (ECF No. 21:18-27). The court finds: (1) the administrative decision is ambiguous regarding the ALJ's consideration of Dr. North's opinions, rendering the decision unreviewable and (2) makes no finding on Plaintiff's remaining allegation of error.

V.   AMBIGUITY IN THE ALJ'S INTERPRETATION OF DR. NORTH'S OPINION

Ambiguity in the ALJ's interpretation of Dr. North's Opinion renders the Court unable to adequately review the decision and follow the ALJ's reasoning to determine whether the decision was supported by substantial evidence and/or free of legal error. The ambiguity warrants remand.

A.   ALJ'S Duty to Evaluate Medical Opinions

Regardless of its source, the ALJ has a duty to evaluate every medical opinion in the record. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004); 20 C.F.R. § 404.1527(c). For claims filed after March 27, 2017, such as that filed by Mr. Cowen,[1] 20 C.F.R. § 404.1520c provides that the Commissioner no longer will "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. § 404.1520c(a). Instead, the ALJ need only articulate how persuasive he finds the medical opinion. 20 C.F.R. § 404.1520c(b). Persuasiveness is determined primarily

---

[1]   *See* TR. 17.

by an opinion's supportability and consistency, and the ALJ must explain how he considered those factors. 20 C.F.R. § 404.1520c(b)(2) & (c)(1)-(2). In addition, the ALJ may, but is not required to, discuss other considerations that may bear on the persuasiveness of a medical opinion, such as the relationship of the source to the claimant, the source's area of specialization, and other factors such as the source's familiarity with the disability program's policies and evidentiary requirements. *See* 20 C.F.R. § 404.1520c(c)(3)-(5). The ALJ's rationale must be "sufficiently specific" to permit meaningful appellate review. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).

## B.     Ambiguity in the Consideration of Dr. North's Opinion

On October 5, 2019, Dr. North performed a consultative physical examination on Mr. Cowen. (TR. 606-615). In the "Assessment" portion of the opinion, Dr. North stated: "[Mr. Cowen] is capable to walk for 30 minutes, sit for more than an hour at a time, stand for 20 minutes, and lift over 15 pounds." (TR. 610). In evaluating Dr. North's opinion, the ALJ specifically discussed the limitations involving walking, sitting, standing, and lifting, and then stated:

> These opinions are persuasive generally as they are supported by the
> physical examination findings and the x-rays of the lumbar spine showing
> no fracture, dislocation, or osseous abnormality.

(TR. 29). Even though the ALJ deemed these opinions "generally persuasive," he thereafter seemed to discount Dr. North's opinions regarding Plaintiff's ability to stand and walk. The ALJ explained:

> The portion of the opinion noting that the claimant could walk for 30
> minutes, does not explicitly limit the claimant to walking for "no more

than" 30 minutes, and does not find objective support from the consultative exam findings for such a limitation nor support in the claimant's treatment records for such a limitation. Likewise, Dr. North's opinion that the claimant could stand for 20 minutes does not find support for this time frame being a maximum limit to standing overall.

(TR. 29).

After evaluating the medical opinions and evidence, the ALJ concluded that Mr. Cowen was capable of performing "medium work as defined in 20 CFR 404.1567(c) and 416.967(c)." (TR. 23). The regulations provide that "[m]edium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567(c) & 416.967(c). Social Security Regulation 83-10, in turn, also states: "A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds" and "[i]n most medium jobs, being on one's feet for most of the workday is critical." Social Security Regulation 83-10, Titles II and XVI: Determining Capability To Do Other Work-the Medical-vocational Rules of Appendix 2, 1983 WL 31251, at *6 (Jan. 1, 1983).

Plaintiff takes issue with the ALJ's evaluation of Dr. North's opinions regarding his abilities to walk and stand, arguing that a conflict exists between these opinions and Mr. Cowen's ability to perform "medium" work. (ECF No. 21:18-25). To properly address this issue, the Court must determine how the ALJ interpreted Dr. North's opinions and whether he thereafter adopted or rejected the opinions.

Mr. Cowen argues that Dr. North's opinions regarding his abilities to walk and stand represented two possibilities: (1) the physician's belief regarding Plaintiff's

6

"maximum" daily abilities in each area—i.e.—that Plaintiff could walk a maximum of 30 minutes in an 8-hour workday and stand a maximum of 20 minutes in an 8-hour workday or (2) the physician's belief that Plaintiff could only walk or stand for 30 and 20 minutes respectively, *at one time*. (ECF No. 21:19-20). The Commissioner, however, rejects these theories and poses a third possibility regarding Dr. North's opinion—that it reflected the *minimum* amount of time that Plaintiff could stand or walk at one time. (ECF No. 26:8) (emphasis added).

Although an ALJ is not an acceptable medical source qualified to render a medical opinion, "the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004). "And the ALJ's RFC assessment is an administrative, rather than a medical determination." *McDonald v. Astrue*, 492 F. App'x 875, 885 (10th Cir. 2012) (citing SSR 96-05p, 1996 WL 374183, at *5 (July 1996)). As a result, in assessing the RFC, it is the ALJ's interpretation of Dr. North's opinion which is critical. However, here it is unclear, how, exactly, the ALJ had interpreted Dr. North's opinions.

The Commissioner argues that the limitations represent the *minimum* amount of time Plaintiff can walk or stand, at one time and that "If Dr. North had intended to opine that Plaintiff could not stand or walk for more than 20 or 30 minutes "at a time" (or "in a workday," as Plaintiff suggests), the doctor would almost certainly have included such a restriction in his opinion, as he did in relation to Plaintiff's ability to sit." (ECF No. 26:8-9). To be fair, Dr. North did not limit Plaintiff's ability to walk or stand, as he did with respect to Plaintiff's ability to sit, but Plaintiff argues that no qualifier was

needed because "[Dr. North's] knowledge of SSA procedures and the requirement that

he provide opinions related to Plaintiff's *maximum* capacity to do work." (ECF No.

21:20) (emphasis added).

By the ALJ's own statements that Dr. North's opinions do not:

- explicitly limit the claimant to walking for "no more than" 30 minutes, and

- find support for [20 minutes] being a maximum limit to standing overall,

the Commissioner's theory gains support regarding the time limits being a "minimum"

amount of time Plaintiff could walk or stand. However, the ALJ's statements could also

be interpreted to reject a "daily maximum" limit of 30 and 20 minutes, while still leaving

open the possibility that the ALJ believed that Dr. North had opined that Plaintiff could

only walk or stand for 30 and 20 minutes respectively, *at one time*.

Furthermore, in support of this argument, the Commissioner points to:

- Dr. North's "normal" examination findings of "strength, gait, sensation, and range of motion (except in the low back), heel-and toe-walk, and tandem walk" and

- The ALJ's notation that Dr. North had stated that Plaintiff had "no substantial physical limitations."

(ECF No. 26:9). But two problems exist with these defenses. First, the ALJ himself did

not rely on Dr. North's "normal" findings when evaluating the opinion, and the Court

may not do so now. *See Haga v. Astrue,* 482 F.3d 1205, 1207 (10th Cir. 2007) ("[T]his

court may not create or adopt post-hoc rationalizations to support the ALJ's decision

that are not apparent from the ALJ's decision itself."); *Hackett v. Barnhart*, 395 F.3d

1168, 1173 (10th Cir. 2005) (the Court should not "substitute [its] judgment for that of

the Commissioner."). Second, the ALJ's notation of Dr. North's finding regarding "no

substantial limitations" referred to Plaintiff's lower back, and not to specific limitations with walking or standing. *See* TR. 610.

Dr. North's opinion is unclear. Although the ALJ is the individual charged with interpreting the opinion evidence, the Court is unable to discern how, exactly, the ALJ had interpreted Dr. North's opinion. Although the ALJ finds the opinions "generally persuasive," the Court cannot determine what, exactly, he deemed generally persuasive. Based on his caveats regarding the limitations in walking and standing, the ALJ clearly had an opinion regarding these limitations, but what, exactly, that opinion was, is ambiguous. Absent a conclusion regarding the ALJ's interpretation of Dr. North's opinion, the Court cannot determine whether a conflict exists between the ALJ's treatment of the opinion and the RFC. *See Payden v. Astrue*, 2010 WL 5392613, at *3 (D. Kan. Dec. 21, 2010) (reversing and remanding, in part because "When the court began considering the decision and the record evidence in an attempt to decide the arguments presented by the parties, it became apparent that the decision le[ft] some ambiguities which the court [wa]s unable to clarify."); *Tracy v. Astrue*, 518 F.Supp.2d 1291, 1298 (D. Kan. Nov. 16, 2007) ("When the evidence is contradictory or ambiguous . . . the court cannot know which evidence was given what weight, or how the ambiguities were resolved. Therefore, to determine whether substantial evidence supports the conclusion, the court would have to reweigh the evidence. Since that option is precluded by law, the court can only remand to the defendant for a proper explanation of how the evidence was weighed and ambiguities resolved.") (citation

omitted). On remand, the ALJ shall clarify his interpretation of Dr. North's opinion and unequivocally state which parts of it, if any he adopts or rejects.

## VI.     PLAINTIFF'S REMAINING ALLEGATION OF ERROR

Mr. Cowen also alleges that the RFC is internally inconsistent with Agency guidelines regarding supervisory interaction. (ECF No. 21: 25-26). But the Court declines consideration of this alleged error because the RFC may be affected on remand following clarification of the opinion from Dr. North. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision.

ENTERED on January 13, 2023.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE